**In re CRAIG'S WILL.**

No. 63835.

County Judges' Court, Dade County.

January 20, 1965.

---

Cotton Howell of Shutts, Bowen, Simmons, Prevatt, Boureau & White, Miami, for Margaret Harris.

Ferrell & Young and Charles H. Snowden, all of Miami, for Lucille A. Degler.

FRANK B. DOWLING, County Judge.

*Order admitting will to probate:* This cause came on to be heard before the court after due notice to all interested parties. Pending before the court for determination was a petition for probate of an alleged last will and testament filed by Lucille A. Degler on July 13, 1964 seeking the admission to probate of an alleged last will and testament of Helen A. Craig, deceased, dated October 3, 1963. On July 2, 1964 one Margaret Harris had filed in this court her caveat against the purported last will and testament of October 3, 1963, requesting that the same not be admitted to probate until after proper notice to her as required by law. On July 31, 1964, Mary D. Scanlon and Margaret Harris filed an answer to the petition of Lucille A. Degler for probate of will aforesaid, thus creating by petition and answer one of the issues to be tried before the court.

On July 20, 1964, Margaret Harris, through her attorneys of record, filed a petition for probate of will wherein she sought the admission to probate of an alleged last will and testament of Helen A. Craig, deceased, dated October 20, 1961, alleging the same to be the true last will and testament of the decedent. The admissibility of the alleged last will and testament of the testatrix, Helen A. Craig, dated October 20, 1961 is the second issue to be determined by the court in these proceedings.

The court has carefully considered the evidence offered by each of the petitioners in support of each of the last wills and testaments aforesaid. Upon consideration of the evidence, the arguments of counsel, and the authorities submitted, and the court being fully advised in the premises, the court finds as follows —

Mrs. Helen A. Craig died in Miami on the 29th day of June, 1964. The record discloses that she was approximately eighty-one years of age at the time of her death. She had been a resident of Dade County for only a short time, having come here to live with her niece, Mrs. Margaret Harris, in the summer of 1963. For many years, Mrs. Craig had made her home in Pinellas County, Florida. She was a widow and was without lineal descendants. Her closest next of kin was an elderly sister named Mary D. Scanlon who resided in Arkansas. In addition to her sister, there was her niece, Mrs. Harris, who resided in Coral Gables, Florida. There was a long and close association between the decedent and her sister and her niece, Mrs. Harris. For many years past, there had been a pattern of testamentary dis-

positions wherein the testatrix, Mrs. Craig, had named her sister, Mary D. Scanlon, and her niece, Mrs. Harris, as her substantial beneficiaries. Up to the summer of 1963 and for quite some time prior thereto, a friend and neighbor of Mrs. Craig named Florence Hamilton had assisted her in handling her business affairs and correspondence, and her attorney at law, William W. Gay, of St. Petersburg, Florida, had managed and advised with reference to her properties and intangible assets. Until 1963 her testamentary plan and disposition was to leave her estate in its entirety exclusively to her relatives and immediate family, with the sole exception of a gift to Florence Hamilton of $1,000 in appreciation for the services above mentioned.

In the summer of 1963, because of failing health (she being almost blind and having fallen on several occasions) and upon the advice of her attorney, Mr. Gay, to members of the family that she should not continue to live alone, Mrs. Craig came to Coral Gables to live with her niece, Mrs. Harris, of whom she was very fond. Within a matter of a few weeks after her arrival at the home of Mrs. Harris, without warning or being anticipated, it suddenly became necessary for Mrs. Harris to become hospitalized, thus forcing Mrs. Harris to hurriedly make arrangements for the care of her aunt, Mrs. Craig.

For many years, about the closest friend and associate of Mrs. Harris was Mrs. Lucille A. Degler who lived in Dade County. They constantly visited each other in their homes and exchanged communication almost daily by telephone or otherwise. When Mrs. Harris became ill and her hospitalization was necessary, this fact was made know to Mrs. Degler as well as the necessity of making arrangements for the care of Mrs. Craig while Mrs. Harris was in the hospital. As might be naturally expected Mrs. Degler volunteered to take Mrs. Craig into her home and care for her while Mrs. Harris was in the hospital. Arrangements were made for compensating Mrs. Degler for Mrs. Craig's room and board. Thus Mrs. Craig went to the home of Mrs. Degler and Mrs. Harris went to the hospital. After Mrs. Harris was released from the hospital, she recuperated in the home of her friend, Mrs. Degler, for a short period of time before returning to her own home and during that time it was agreed that by virtue of Mrs. Harris' hospitalization and period of recuperation, it would be advisable for Mrs. Craig to remain in Mrs. Degler's home for an additional period of time.

The record discloses that from the very beginning of Mrs. Craig's stay in Mrs. Degler's home, Mrs. Degler moved to take over the complete management and control of Mrs. Craig's

properties, assets and affairs, and to substitute herself as the principal beneficiary of Mrs. Craig's estate in lieu of her long beloved and cherished relatives. Two wills were caused to be executed by Mrs. Craig, one on September 13, 1963 and the other on October 3, 1963, almost identical in terms, making Mrs. Degler the substantial beneficiary of Mrs. Craig's estate and practically eliminating Mrs. Craig's elderly sister, Mary D. Scanlon, and Mrs. Harris. The first of these wills was executed only three weeks after the testatrix went to live with Mrs. Degler. Until this time Mrs. Degler and the testatrix had been practically complete strangers with no association or friendship of any character existing between them.

Both the September 13, 1963 and the October 3, 1963 wills are at complete variance with a long pattern of wills previously executed by the testatrix wherein her closest relatives, namely, her sister, Mary D. Scanlon, and her niece, Mrs. Harris, were substantial beneficiaries. Mrs. Degler actively participated in the procuring of the September and October 1963 wills, under both of which she was a substantial beneficiary, and she kept the fact of the execution of same from members of the testatrix' family. Mrs. Degler occupied a fiduciary relationship with the testatrix, having taken over the handling of all of her business affairs, including the writing of her checks and ultimately the actual signing of her checks. The efforts of Mrs. Degler, to gain control of the testatrix' affairs were begun less than three weeks after the testatrix came to live with her, and Mrs. Degler used deceit to keep Mrs. Harris from knowing of her efforts to take over the affairs of the testatrix. Although claiming to be a close friend of Mrs. Harris, Mrs. Degler, in the presence of the testatrix and without cause, called the testatrix' relatives "vultures." The record is replete and convincingly clear that Mrs. Degler willfully and knowingly influenced and induced the testatrix to execute the wills in question in her favor by the most flagrant display of undue influence imaginable. The condition of Mrs. Craig and the course of conduct by Mrs. Degler lead the court to the inescapable finding that the alleged will of October 3, 1963 and the earlier document dated September 13, 1963 do not reflect the true will of the testatrix, but were the products of undue influence exercised on the testatrix by Mrs. Degler.

The will dated October 20, 1961, was executed in accordance with the requirements of the probate law of Florida, has been duly proven by the witnesses thereto, and is entitled to be admitted to probate.

It is therefore ordered and adjudged that the petition of Lucille A. Degler for the probate of the alleged will of October 3, 1963 is denied.

It is further ordered and adjudged that the will of Helen A. Craig dated October 20, 1961, having been duly proven, is admitted to probate, and upon filing of the oath of the executor and bond in the amount of $1,000, letters testamentary shall issue to William W. Gay.

It is further ordered that on reasonable notice, this court will tax recoverable costs.